**EXHIBIT "A"**

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
CURTIS S. LEAVITT (SBN 162032)
cleavitt@wilkefleury.com
TROY R. SZABO (SBN 219387)
tszabo@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Defendant, CIGNA HEALTHCARE OF CALIFORNIA, INC.

ELECTRONICALLY
RECEIVED
Sep 16 2013
ALAN CARLSON, Clerk of the Court
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| SPENCER RECOVERY CENTERS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 30-2013-00656296-CU-BC-CJC<br><br>**[PROPOSED] ORDER ON DEMURRER PER TENTATIVE RULING**<br><br>Judge: Hon. Kirk Namamura<br><br>Complaint Filed: June 12, 2013<br>Trial Date: TBD |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant CIGNA HEALTHCARE OF CALIFORNIA, INC.'S Demurrer to Plaintiff's Complaint came on regularly for hearing on September 5, 2013 before the Honorable Kirk Namamura.

On September 4, 2013, the Court issued a tentative ruling on the motion as follows:

**Spencer Recovery Centers, Inc. v. Cigna Healthcare of CA.**

**Demurrer to Complaint**

The demurrer to all causes of action is SUSTAINED with 20 days leave to amend.

**1st cause of action: Breach of contract.** Plaintiff has not pled sufficient facts to give Defendant notice of the claims it has to defend. However, the court finds that it would be burdensome to require Plaintiff to attach all 23 policies and the breached terms of each be identified; this can be determined through discovery. In addition,

997136.1 -1-
[PROPOSED] ORDER ON DEMURRER PER TENTATIVE RULING

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

the Court agrees with Plaintiff that privacy interests of the insureds should be protected.

Defendant concedes that it will be sufficient to attach a spreadsheet of the disputed claims with claim numbers, authorization numbers, insurance policy numbers and/or member ID numbers. Plaintiff contends that this information was provided to the Defendant but these should also be included in the pleading.

**2d cause of action: Breach of the implied covenant of good faith and fair dealing.** Without a contact claim, this cause of action is defeated also but Plaintiff may be able to plead it. Even though the denial of coverage is a breach of contract, it can also expose an insurer to bad faith liability with tort damages if it is unreasonable. *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1280. However, Plaintiff must allege that there was no legitimate dispute regarding coverage, not merely that the denials were "unfair." *Id.* at 1281. Also, Plaintiff must clarify whether tort claims were assigned. A copy of a representative assignment should be attached as an exhibit, with identifying information redacted.

**3d cause of action: Unfair business practices.** Because the underlying causes of action fail, this fails also but it may be possible to amend it. *Scripps Clinic v. Superior Court* (2009) 108 Cal.App.4th 917, 940, stated that the cause of action must be tethered to a constitutional, statutory or regulatory provision. However, according to a Supreme Court case recently published, this remains an open question in California. *Yanting Zhang v. Superior Court* (2013) 57 Cal.4th 364, 304 P.3d 163, 174, fn.9.

Under *Yanting Zhang*, common law insurance bad faith claims provide a sufficient basis for an unfair practices claim. 304 P. 3d @ 174-175. However, as noted above, the bad faith claim is insufficiently pled.

**4th cause of action: Fraud. It is unclear if fraud claims were assigned.**

Plaintiff is correct that under *Universal By-Products Inc. v. City of Modesto* (1974) 43 Cal.App.3d 145, 151, the element of intent can be pled in general terms. However, the other elements must be specifically pled. Plaintiff must allege how, when, where, to whom, and by what means the representations were tendered to each of the insureds. *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73. Because Defendant is a corporation, Plaintiff must allege the names of the persons who spoke, their authority to speak, to whom they spoke, what they said/wrote, and when it was said/written. *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645. Also, reliance must be alleged as to each of the insureds. The insureds can be identified by number.

Is Plaintiff claiming there were advertisements promising broad coverage and the insureds saw and relied on them? Or is this just another claim that the coverage in the policies wasn't given to these insureds, i.e., merely a breach of contract claim? Is Plaintiff alleging that Defendant had a practice of denying certain specific coverage and therefore the persons who wrote the policies committed fraud? If so, what coverage does it consistently deny? Is it the same for all 23 insureds? These

questions should be addressed in an amended pleading.

Neither Party having requested oral argument, the Court's tentative ruling became the Order of the Court.

IT IS SO ORDERED.

Dated: September ____, 2013

By: _____
The Honorable Kirk H. Nakamura

Approved as to Form:

BOHM MATSEN, LLP

By: *[signature]*
Scott Newman, Counsel for Plaintiff
SPENCER RECOVERY CENTERS, INC.