**BOHM WILDISH, LLP**
James G. Bohm (SBN 132430)
Joanne P. Freeman (SBN 140137)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500 telephone
(714) 384-6501 facsimile

Attorneys for Plaintiff SPENCER RECOVERY CENTERS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT – SOUTHERN DIVISION

BY FAX

| | |
|---|---|
| SPENCER RECOVERY CENTERS, INC., a California corporation, | Case No. 8:13-CV-01602-CJC (RNB) |
| Plaintiff, | SECOND AMENDED COMPLAINT BY PLAINTIFF SPENCER RECOVERY CENTERS, INC. FOR: |
| vs. | 1. RECOVERY OF PLAN BENEFITS; AND |
| CIGNA HEALTHCARE OF CALIFORNIA, INC., a California corporation; OMNICON GROUP, INC., a New York corporation; DANAHER CORPORATION, a Delaware corporation; CITY OF BRIDGEPORT, a public entity; SODEXO, INC., a Delaware corporation; NATIONAL OILWELL VARCO, L.P., a Delaware limited partnership; HENSEL PHELPS DEVELOPMENT, LLC, a Delaware corporation; NEWPORT GROUP SECURITIES, INC., a Florida corporation; JOS. A. BANK CLOTHIERS, INC., a Delaware corporation; SAFEWAY INC., a Delaware corporation; BRIDGESTONE | 2. ATTORNEY'S FEES<br><br>AND DEMAND FOR JURY TRIAL<br><br><br><br>Complaint filed: June 12, 2013<br>Trial Date: March 9, 2015 |

1

PLAINTIFF'S SECOND AMENDED COMPLAINT

AMERICAS INC., a Nevada corporation; FIRSTSOURCE GROUP USA, INC., a Delaware corporation; WHELEN ENGINEERING COMPANY, INC., a Connecticut corporation; PURDUE UNIVERSITY, a non-profit company; and DOES 1 through 100, inclusive,

     Defendants.

Plaintiff hereby alleges as follows:

## JURISDICTION

1. Plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. sec. 1001 et seq. and that the subject plans constitutes a "plan under ERISA." Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. sec. 1337 and 29 U.S.C. sec. 1132(e). Furthermore, Defendant moved for this case to be transferred to this Court based on the representation that the subject policies qualify as a "plan under ERISA."

2. Venue is proper within the Central District of California pursuant to 29 U.S.C. sec. 1132(e)(2) because the acts complained of have occurred within this district.

3. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail and return receipt requested.

///

///

## PARTIES

4. Plaintiff, SPENCER RECOVERY CENTERS, INC. (hereinafter "SPENCER RECOVERY") is, and at all relevant times was, a corporation qualified to do business in California.

5. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant CIGNA HEALTHCARE OF CALIFORNIA, INC. ("CIGNA") was a California corporation, registered to do business in California.

6. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant OMNICON GROUP, INC. ("OMNICON") was a New York corporation.

7. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant DANAHER CORPORATION ("DANAHER") was a Delaware corporation registered to conduct business in California.

8. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant CITY OF BRIDGEPORT ("BRIDGEPORT") was a public entity located in the state of Connecticut.

9. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant SODEXO, INC. ("SODEXO") was a Delaware corporation registered to conduct business in California.

10. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant NATIONAL OILWELL VARCO, L.P. ("OILWELL") was a limited partnership registered to conduct business in California.

11. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant HENSEL PHELPS DEVELOPMENT, LLC ("HENSEL PHELPS") was a Delaware corporation conducting business in California.

12. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant NEWPORT GROUP SECURITIES, INC.

("NEWPORT GROUP") was a Florida corporation conducting business in California.

13. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant JOS. A. BANK CLOTHIERS, INC. ("JOS") was a Delaware corporation conducting business in California.

14. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant SAFEWAY INC. ("SAFEWAY") was a Delaware corporation conducting business in California.

15. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant BRIDGESTONE AMERICAS INC. ("BRIDGESTONE") was a Nevada corporation conducting business in California.

16. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant FIRSTSOURCE GROUP USA, INC. ("FIRSTSOURCE") was a Delaware corporation conducting business in California.

17. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant WHELEN ENGINEERING COMPANY, INC. ("WHELEN") was a Connecticut corporation conducting business in California.

18. Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant PURDUE UNIVERSITY ("PURDUE") was a non-profit corporation.

19. At all relevant times, Defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent. Plaintiff does not know the true names or capacities, whether individual, partner, corporate, or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive, and for that reason, these Defendants are sued under such fictitious names, and Plaintiff will seek leave of Court to amend this Complaint when such true names and capacities are discovered. Each of these fictitious Defendants, whether individual, partner, corporate or otherwise, were

responsible in some manner for the circumstances and proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, injuries, and harm alleged.

20. SPENCER RECOVERY provided rehabilitation services for a number of individuals insured by at least one of the Defendants. Pursuant to these individuals' insurance contracts with Defendants, they are entitled to have Defendants pay for services provided by SPENCER RECOVERY. These individuals have assigned all claims they have against their insurers to SPENCER RECOVERY.

## GENERAL ALLEGATIONS

21. SPENCER RECOVERY operates a drug and alcohol rehabilitation facility in Laguna Beach and other locations throughout Southern California.

22. Defendant CIGNA is a medical healthcare insurance provider, licensed to issue benefit agreements covering the provision of health care services.

23. Plaintiff is informed and believes and thereupon alleges that Defendant OMNICON was the employer for Patient 7. Plaintiff is further informed and believes and herein alleges that OMNICON sponsored the health plan which covered Patient 7.

24. Plaintiff is informed and believes and thereupon alleges that Defendant DANAHER was the employer for Patient 6. Plaintiff is further informed and believes and herein alleges that DANAHER sponsored the health plan which covered Patient 6.

25. Plaintiff is informed and believes and thereupon alleges that Defendant BRIDGEPORT was the employer for Patient 18. Plaintiff is further informed and believes and herein alleges that BRIDGEPORT sponsored the health plan which covered Patient 18.

26. Plaintiff is informed and believes and thereupon alleges that Defendant SODEXO was the employer for Patient 28. Plaintiff is further informed and believes and herein alleges that SODEXO sponsored the health plan which covered Patient 28.

27. Plaintiff is informed and believes and thereupon alleges that Defendant

1 OILWELL was the employer for Patient 22. Plaintiff is further informed and believes and herein alleges that OILWELL sponsored the health plan which covered Patient 22.

28. Plaintiff is informed and believes and thereupon alleges that Defendants HENSEL PHELPS, WHELEN, FIRSTSOURCE, NEWPORT, PURDUE, BRIDGESTONE, SAFEWAY AND JOS, were employers of several of the remaining Patients referenced herein. Plaintiff is further informed and believes and herein alleges that these employers sponsored the health plans which covered such Patients.

29. SPENCER RECOVERY is informed and believes and based thereon alleges that a number of individuals who sought treatment at various SPENCER RECOVERY facilities had health insurance contracts with CIGNA for payment of health and medical expenses ("INSURANCE CONTRACTS"). Pursuant to the terms of the INSURANCE CONTRACTS, the insured paid premiums and in return CIGNA paid healthcare costs incurred by the insured covered under the terms of the INSURANCE CONTRACT.

30. SPENCER RECOVERY is informed and believes and based thereon alleges that the services provided to CIGNA's insured by SPENCER RECOVERY fell within the coverage provided by the INSURANCE CONTRACTS and CIGNA's insured were therefore entitled to have CIGNA pay the costs of these services provided by SPENCER RECOVERY.

31. SPENCER RECOVERY is informed and believes and based thereon alleges that a number of individuals (Patients 6, 7, 18, 28 and 22) who sought treatment at various SPENCER RECOVERY facilities had health insurance contracts with their respective employers (OMNICON, DANAHER, BRIDGEPORT, SODEXO and OILWELL) for payment of health and medical expenses ("INSURANCE CONTRACTS"). Pursuant to the terms of the INSURANCE CONTRACTS, the insured paid premiums and in return CIGNA paid healthcare costs incurred by the insured covered under the terms of the INSURANCE CONTRACT.

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

32. SPENCER RECOVERY is informed and believes and based thereon alleges that the services provided to all of the Patients set forth herein by SPENCER RECOVERY fell within the coverage provided by the INSURANCE CONTRACTS and such Patients were therefore entitled to have Defendants pay the costs of these services provided by SPENCER RECOVERY.

33. From approximately January 2012 through the present, a number of Defendants' insured received treatment from SPENCER RECOVERY with the expectation that Defendants would pay for these services.

34. Pursuant to the terms of the INSURANCE CONTRACTS and its contracts with the insured, SPENCER RECOVERY submitted bills to CIGNA for services provided to each of its insured who received treatment.

35. Defendants, however, failed to completely pay for treatment provided to some insured, while paying the improper amounts for services provided to others.

36. The bills for which Defendants have not made any payment include:
   a. Patient 2[1]: Approximately $42,000.00 owed for services provided;
   b. Patient 3: Approximately $14,000.00 owed for services provided;
   c. Patient 4: Approximately $7,200.00 owed for services provided;
   d. Patient 5: Approximately $6,000.00 owed for services provided;
   e. Patient 6: Approximately $4,200.00 owed for services provided;
   f. Patient 7: Approximately $8,750.00 owed for services provided;
   g. Patient 9: Approximately $36,960.00 owed for services provided;
   h. Patient 10: Approximately $28,000.00 owed for services provided;
   i. Patient 11: Approximately $9,800.00 owed for services provided;
   j. Patient 12: Approximately $35,000.00 owed for services provided;
   k. Patient 15: Approximately $18,900.00 owed for services provided;
   l. Patient 18: Approximately $20,160.00 owed for services provided;

---

[1] All patient references are made generically to protect the patient's privacy rights under the California Constitution and HIPAA. The identification of each of the patients, as well as other identifying information has been provided to Defendant under separate cover.

PLAINTIFF'S SECOND AMENDED COMPLAINT

|   |   |
|---|---|
| m. | Patient 19: Approximately $11,250.00 owed for services provided; |
| n. | Patient 20: Approximately $24,420.00 owed for services provided; |
| o. | Patient 22: Approximately $6,750.00 owed for services provided; |
| p. | Patient 25: Approximately $17,640.00 owed for services provided; |
| q. | Patient 26: Approximately $14,000.00 owed for services provided; |
| r. | Patient 27: Approximately $8,750.00 owed for services provided; |
| s. | Patient 28: Approximately $6,250.00 owed for services provided; |
| t. | Patient 29: Approximately $21,630.00 owed for services provided; |

37. The bills for which Defendants failed to pay the proper amount due include:

a. Patient 1: Approximately $24,000.00 owed for services provided;
b. Patient 2: Approximately $38,825.00 owed for services provided;
c. Patient 3: Approximately $3,850.00 owed for services provided;
d. Patient 4: Approximately $22,942.12 owed for services provided;
e. Patient 5: Approximately $34,195.00 owed for services provided;
f. Patient 6: Approximately $350.00 owed for services provided;
g. Patient 8: Approximately $1,955.00 owed for services provided;
h. Patient 10: Approximately $1,435.00 owed for services provided;
i. Patient 11: Approximately $15,000.00 owed for services provided;
j. Patient 12: Approximately $6,242.38 owed for services provided;
k. Patient 13: Approximately $3,820.00 owed for services provided;
l. Patient 14: Approximately $8,260.00 owed for services provided;
m. Patient 23: Approximately $1,550.00 owed for services provided;
n. Patient 24: Approximately $3,500.00 owed for services provided;

38. Pursuant to an agreement signed by each patient upon entering the facility operated by SPENCER RECOVERY, each of these insured has assigned their rights and claims under the INSURANCE CONTRACT to SPENCER RECOVERY to bill Defendant directly and pursue payment of these sums from Defendants. A true

and correct copy of the assignment is attached hereto as **Exhibit "A"**.

39. Plaintiff is informed and believes and herein alleges that some of Defendants' insured, some of which are referenced above, were entitled to have Defendants pay the costs of the services provided by SPENCER RECOVERY under employment based benefit plans. Plaintiff is informed and believes and herein alleges that medical treatment provided by SPENCER RECOVERY fell within the coverage provided by the INSURANCE CONTRACTS and Defendants' insured were therefore entitled to have Defendants pay the costs of these services provided by SPENCER RECOVERY.

## FIRST CAUSE OF ACTION
## FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. §§1132(A)(1)(B)
## [AGAINST ALL DEFENDANTS AND DOES 1-100]

40. Plaintiff incorporates those allegations set forth in Paragraphs 1 through 30, as though set forth in full in this cause of action.

41. Under the terms of the plans, Defendants agreed to provide their insured with medical expense benefits. Defendants failed to provide such benefits or inadequately provided benefits.

42. Denial of these benefits to their insured constitutes a breach of the plans between Defendants and their insured. Plaintiff seeks reimbursement and compensation for any and all benefits to which the insured were entitled and should have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

43. Defendants have arbitrarily and capriciously breached the obligations set forth in the plans. Defendants have arbitrarily and capriciously breached their obligations under the ERISA policy to provide benefits to their insured even though the insured's benefits are covered under the terms of the Plan.

44. As a direct and proximate result of the aforementioned conduct of Defendants in failing to provide coverage and pay benefits to its insured, the insured have been damaged in an amount equal to the amount of benefits to which they would have been entitled under the terms of the plans.

45. As a direct and proximate result of the aforesaid conduct of Defendants in failing to provide coverage and benefits for the insured's health and medical expenses, SPENCER RECOVERY has suffered, and will continue to suffer in the future, damages, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

46. Plaintiff is entitled to prejudgment interest at the appropriate rate.

## SECOND CAUSE OF ACTION
## FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. §1132(G)(1)
## [AGAINST ALL DEFENDANTS AND DOES 1-100]

47. Plaintiff incorporates those allegations set forth in Paragraphs 1 through 37, as though set forth in full in this cause of action.

48. 29 U.S.C. §1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs of action to either party in an ERISA action.

49. As a result of the actions and failings of Defendants, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorneys' fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration regarding the Defendants' noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;
2. For benefits payable under the plans to reimburse SPENCER RECOVERY for payments that the above insured had been entitled to receive and have assigned to SPENCER RECOVERY;
3. For an award of prejudgment interest;
4. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. section 1132(g)(1);
5. For costs incurred;
6. For an injunction to issue against Defendant as prayed above; and
7. For such other and further relief as the Court deems appropriate.

DATED: October 23, 2014

**BOHM WILDISH, LLP**

By: _/s/ Joanne P. Freeman_
James G. Bohm
Joanne P. Freeman
Attorneys for Plaintiff SPENCER RECOVERY CENTER, INC., a corporation

PLAINTIFF'S SECOND AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff SPENCER RECOVERY CENTER, INC. hereby demands a trial by jury.

DATED: October 23, 2014                         BOHM WILDISH, LLP

By:     */s/ Joanne P. Freeman*
James G. Bohm
Joanne P. Freeman
Attorneys for Plaintiff SPENCER RECOVERY CENTER, INC., a corporation

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On October 23, 2014, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:    **PLAINTIFF'S AMENDED COMPLAINT**

SERVED UPON:           SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm Wildish, LLP, for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered to the addresses listed on the attached Service List by close of business on_____ _____.

☐ BY OVERNIGHT MAIL) I am readily familiar with the practice of the Law Offices of Bohm Wildish, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by overnight mail service for overnight delivery.

☐ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) By submitting said documents for Electronic Case Filing on said date pursuant to Local Rule at Bohm Wildish, LLP.

☐ BY E-MAIL/ELECTRONIC TRANSMISSION) On _____ at Costa Mesa, California, I served the above referenced document by electronic mail to the e-mail address of the Addressee(s) pursuant to Rule 2.260 of the California Rules of Court. The transmission was complete and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on October 23, 2014, at Costa Mesa, California.

_____
Lindsay M. Rivara

<u>Service List</u>
<u>**Spencer Recovery v. Cigna Healthcare of California**</u>
<u>**USDC, Central District, Santa Ana Division**</u>
<u>*Case No. 8:13-CV-01602-CJC (RNB)*</u>

| | |
|---|---|
| Kennaday, Leavitt & Daponde, PC<br>Curtis S. Leavitt<br>Troy Szabo<br>Megan Beaver<br>500 Capitol Mall, Suite 2260<br>Sacramento, CA 95814<br>(916) 431-7755 – tel<br>(916) 431-7756 - fax | *Attorney for Defendant Cigna Healthcare of California* |

Exhibit "A"

|  |  |
|---|---|
| Spencer Recovery Centers, Inc.<br>Spencer Recovery Centers, Inc.<br>1316 South Coast Highway<br>Laguna Beach, CA 92651-3118 | Forms |

This document is effective from : ▇▇▇▇  to : ▇▇▇▇

## SPENCER RECOVERY CENTER
## ASSIGNMENT OF BENEFITS

Insurance Company:      Policy number

I confirm that: ▇▇▇▇
*This is my primary policy and I do not have another insurance policy*

If you have other insurance policies, please provide Company Name(s) and Policy Number(s):

In connection with services rendered to  client:

1. I hereby assign all medical and/or surgical benefits to include major medical benefits to which I am entitled, including government sponsored programs, private insurance and other health plans to Spencer Recovery Centers, assignee.
2. The assignment will remain in effect until revoked by me in writing.
3. I understand that I am financially responsible for all charges whether or not they may be reimbursable by any insurance I may have.
4. A copy of this assignment is valid as the original.
5. I, the client, have signed a "Consent for Release of Confidential Information" authorizing the above assignee to release all information reasonably necessary to secure the payment of accrued benefits.
6. I understand the provider and/or I may appeal any determination of non-coverage by following the grievance and appeals procedures described in my Benefit Agreement or Evidence of Coverage.

### NOTICE REQUIRED TO ACCOMPANY THIS DISCLOSURE

This information has been disclosed to you from records protected by federal confidentiality rules (42 CFR Part 2). The federal rules prohibit you form making any further disclosure without the specific written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of



| | Forms |
|---|---|
| Spencer Recovery Centers, Inc.<br>1316 South Coast Highway<br>Laguna Beach, CA 92651-3118 | |

the information to criminally investigate or prosecute any alcohol or drug abuse patient.



Type: Staff                   Method: Password
Date: 3/1/2012 1:31:53 PM

Type: Client                  Method: Signature
Date: 3/1/2012 1:31:47 PM

Report ID: 14138
Page   2  of  2              Report Author:              Print Date: 1/17/2013