**BOHM WILDISH, LLP**
James G. Bohm (SBN 132430)
Joanne P. Freeman (SBN 140137)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500 telephone
(714) 384-6501 facsimile

Attorneys for Plaintiff SPENCER RECOVERY CENTERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT – SOUTHERN DIVISION

| | |
|---|---|
| SPENCER RECOVERY CENTERS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California corporation; OMNICON GROUP, INC., a New York corporation; DANAHER CORPORATION, a Delaware corporation; CITY OF BRIDGEPORT, a public entity; SODEXO, INC., a Delaware corporation; NATIONAL OILWELL VARCO, L.P., a Delaware limited partnership; HENSEL PHELPS DEVELOPMENT, LLC, a Delaware corporation; NEWPORT GROUP SECURITIES, INC., a Florida corporation; JOS. A. BANK CLOTHIERS, INC., a Delaware corporation; SAFEWAY INC., a Delaware corporation; BRIDGESTONE | Case No. 8:13-CV-01602-CJC (RNB)<br><br>**THIRD AMENDED COMPLAINT BY PLAINTIFF SPENCER RECOVERY CENTERS, INC. FOR:**<br>1. **RECOVERY OF PLAN BENEFITS; AND**<br>2. **ATTORNEY'S FEES**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br><br><br><br><br><br><br>**Complaint filed: June 12, 2013**<br>Trial Date: March 9, 2015 |

AMERICAS INC., a Nevada
corporation; FIRSTSOURCE GROUP
USA, INC., a Delaware corporation;
WHELEN ENGINEERING
COMPANY, INC., a Connecticut
corporation; PURDUE UNIVERSITY,
a non-profit company; RANDSTAD
PROFESSIONALS US, LP , a Delaware
limited partnership; COMPUTER
ASSOCIATES INTERNATIONAL,
INC., a Delaware corporation; R.R.
DONNELLEY & SONS COMPANY, a
Delaware corporation;  ST. JOSEPH
HEALTH SYSTEM, a Delaware
corporation; INTERNATIONAL
PAPER COMPANY, a New York
corporation; MORGAN STANLEY &
CO. LLC, a Delaware corporation; BT
AMERICAS HOLDINGS, INC., a
Delaware corporation; WWL
HOLDINGS AMERICAS, LLC &
AFFILIATES, a Delaware limited
liability company; R & R PARTNERS,
INC., a Nevada corporation; HYUNDAI
INFORMATION SERVICE NORTH
AMERICA, a California corporation;
HENRY SCHEIN, a Delaware
corporation;  CONNECTICUT
GENERAL LIFE INSURANCE
COMPANY, a Connecticut corporation;
CONNECTICUT GENERAL, a
Connecticut corporation; CIGNA
HEALTH AND LIFE INSURANCE
COMPANY, a  Connecticut corporation;
and DOES 1 through 100, inclusive,

)
)
)
)
)
)
)
)
)
)
)
)

                    Defendants.
_____

Plaintiff hereby alleges as follows:

## JURISDICTION

1.      Plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. sec. 1001 et seq. and that the subject plans constitutes a "plan under ERISA." Therefore, Plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C. sec. 1337 and 29 U.S.C. sec. 1132(e). Furthermore, Defendant moved for this case to be transferred to this Court based on the representation that the subject policies qualify as a "plan under ERISA."

2.      Venue is proper within the Central District of California pursuant to 29 U.S.C. sec. 1132(e)(2) because the acts complained of have occurred within this district.

3.      Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail and return receipt requested.

## PARTIES

4.      Plaintiff, SPENCER RECOVERY CENTERS, INC. (hereinafter "SPENCER RECOVERY") is, and at all relevant times was, a corporation qualified to do business in California.

5.      Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant CIGNA HEALTHCARE OF CALIFORNIA, INC. ("CIGNA") was a California corporation, registered to do business in California.

6.      Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant OMNICON GROUP, INC. ("OMNICON") was a New York corporation.

7.      Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant DANAHER CORPORATION ("DANAHER") was

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

a Delaware corporation registered to conduct business in California.

8.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant CITY OF BRIDGEPORT ("BRIDGEPORT") was a public entity located in the state of Connecticut.

9.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant SODEXO, INC. ("SODEXO") was a Delaware corporation registered to conduct business in California.

10.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant NATIONAL OILWELL VARCO, L.P. ("OILWELL") was a limited partnership registered to conduct business in California.

11.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant HENSEL PHELPS DEVELOPMENT, LLC ("HENSEL PHELPS") was a Delaware corporation conducting business in California.

12.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant NEWPORT GROUP SECURITIES, INC. ("NEWPORT GROUP") was a Florida corporation conducting business in California.

13.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant JOS. A. BANK CLOTHIERS, INC. ("JOS") was a Delaware corporation conducting business in California.

14.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant SAFEWAY INC. ("SAFEWAY") was a Delaware corporation conducting business in California.

15.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant BRIDGESTONE AMERICAS INC. ("BRIDGESTONE") was a Nevada corporation conducting business in California.

16.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant FIRSTSOURCE GROUP USA, INC.

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

1  ("FIRSTSOURCE") was a Delaware corporation conducting business in California.

2          17.     Plaintiff is informed and believes and thereupon alleges that at the time

3  of the conflict at issue, Defendant WHELEN ENGINEERING COMPANY, INC.

4  ("WHELEN") was a Connecticut corporation conducting business in California.

5          18.     Plaintiff is informed and believes and thereupon alleges that at the time

6  of the conflict at issue, Defendant PURDUE UNIVERSITY ("PURDUE") was a non-

7  profit corporation.

8          19.     Plaintiff is informed and believes and thereupon alleges that at the time

9  of the conflict at issue, Defendant RANDSTAD PROFESSIONALS US, LP

10  ("RANDSTAD") was a Delaware limited partnership.

11          20.     Plaintiff is informed and believes and thereupon alleges that at the time

12  of the conflict at issue, Defendant COMPUTER ASSOCIATES INTERNATIONAL,

13  INC. ("COMPUTER ASSOCIATES") was a Delaware corporation.

14          21.     Plaintiff is informed and believes and thereupon alleges that at the time

15  of the conflict at issue, Defendant R.R. DONNELLEY & SONS COMPANY ("R.R.

16  DONNELLEY") was a Delaware corporation.

17          22.     Plaintiff is informed and believes and thereupon alleges that at the time

18  of the conflict at issue, Defendant ST. JOSEPH HEALTH SYSTEM ("ST. JOSEPH")

19  was a Delaware corporation.

20          23.     Plaintiff is informed and believes and thereupon alleges that at the time

21  of the conflict at issue, Defendant INTERNATIONAL PAPER COMPANY

22  ("INTERNATIONAL PAPER") was a New York corporation.

23          24.     Plaintiff is informed and believes and thereupon alleges that at the time

24  of the conflict at issue, Defendant MORGAN STANLEY & CO. LLC ("MORGAN

25  STANLEY") was a Delaware corporation.

26          25.     Plaintiff is informed and believes and thereupon alleges that at the time

27  of the conflict at issue, Defendant BT AMERICAS HOLDINGS, INC. ("BT

28  AMERICAS") was a Delaware corporation.

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

26.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant WWL HOLDINGS AMERICAS, LLC & AFFILIATES ("WWL") was a Delaware limited liability company.

27.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant R & R PARTNERS, INC. ("R & R PARTNERS") was a Nevada corporation.

28.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant HYUNDAI INFORMATION SERVICE NORTH AMERICA ("HYUNDAI"), was a California corporation.

29.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant HENRY SCHEIN ("SCHEIN") was a Delaware corporation.

30.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendants CONNECTICUT GENERAL and CONNECTICUT GENERAL LIFE INSURANCE COMPANY ("CONNECTICUT GENERAL LIFE INSURANCE") were Connecticut corporations.

31.     Plaintiff is informed and believes and thereupon alleges that at the time of the conflict at issue, Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("CIGNA HEALTH") was a Connecticut corporation.

32.     At all relevant times, Defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each Defendant has ratified and approved the acts of his agent. Plaintiff does not know the true names or capacities, whether individual, partner, corporate, or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive, and for that reason, these Defendants are sued under such fictitious names, and Plaintiff will seek leave of Court to amend this Complaint when such true names and capacities are discovered. Each of these fictitious Defendants, whether individual, partner, corporate or otherwise, were

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

responsible in some manner for the circumstances and proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, injuries, and harm alleged.

33.     SPENCER RECOVERY provided rehabilitation services for a number of individuals insured by at least one of the Defendants. Pursuant to these individuals' insurance contracts with Defendants, they are entitled to have Defendants pay for services provided by SPENCER RECOVERY. These individuals have assigned all claims they have against their insurers to SPENCER RECOVERY.

## GENERAL ALLEGATIONS

34.     SPENCER RECOVERY operates a drug and alcohol rehabilitation facility in Laguna Beach and other locations throughout Southern California.

35.     Defendant CIGNA is a medical healthcare insurance provider, licensed to issue benefit agreements covering the provision of health care services.

36.     Defendant CONNECTICUT GENERAL LIFE INSURANCE provides claims administration services to administer self-funded ERISA plans, and is responsible for processing claims and appeals and remitting payment for services.

37.     Defendant CIGNA HEALTH provides claims administration services to administer self-funded ERISA plans, and is responsible for processing claims and appeals and remitting payment for services.

38.      Plaintiff is informed and believes and thereupon alleges that Defendant PURDUE was the employer for Patient 2, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that PURDUE was the ERISA Plan Sponsor for Patient 2, and therefore was responsible for paying the healthcare claims of Patient 2.

39.      Plaintiff is informed and believes and thereupon alleges that Defendant COMPUTER ASSOCIATES was the employer for Patient 3, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that COMPUTER ASSOCIATES was the ERISA Plan Sponsor for Patient 3, and therefore was responsible for paying the healthcare claims

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

of Patient 3.

40.	Plaintiff is informed and believes and thereupon alleges that Defendant INTERNATIONAL PAPER was the employer for Patient 4, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that INTERNATIONAL PAPER was the ERISA Plan Sponsor for Patient 4, and therefore was responsible for paying the healthcare claims of Patient 4.

41.	Plaintiff is informed and believes and thereupon alleges that Defendant FIRST SOURCE was the employer for Patient 5, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that FIRST SOURCE was the ERISA Plan Sponsor for Patient 5, and therefore was responsible for paying the healthcare claims of Patient 5.

42.	Plaintiff is informed and believes and thereupon alleges that Defendant ST. JOSEPH was the employer for Patient 6, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that ST. JOSEPH was the ERISA Plan Sponsor for Patient 6, and therefore was responsible for paying the healthcare claims of Patient 6.

43.	Plaintiff is informed and believes and thereupon alleges that Defendant OMNICOM was the employer for Patient 7, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that OMNICOM was the ERISA Plan Sponsor for Patient 7, and therefore was responsible for paying the healthcare claims of Patient 7.

44.	Plaintiff is informed and believes and thereupon alleges that Defendant SCHEIN was the employer for Patient 9, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that SCHEIN was the ERISA Plan Sponsor for Patient 9, and therefore was responsible for paying the healthcare claims of Patient 9.

45.	Plaintiff is informed and believes and thereupon alleges that Defendant

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

HYUNDAI was the employer for Patient 10, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that HYUNDAI was the ERISA Plan Sponsor for Patient 10, and therefore was responsible for paying the healthcare claims of Patient 10.

46.     Plaintiff is informed and believes and thereupon alleges that Defendant PURDUE was the employer for Patient 11, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that PURDUE was the ERISA Plan Sponsor for Patient 11, and therefore was responsible for paying the healthcare claims of Patient 11.

47.     Plaintiff is informed and believes and thereupon alleges that Defendant HYUNDAI was the employer for Patient 12, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that HYUNDAI was the ERISA Plan Sponsor for Patient 12, and therefore was responsible for paying the healthcare claims of Patient 12.

48.     Plaintiff is informed and believes and thereupon alleges that Defendant WWL was the employer for Patient 15, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that WWL was the ERISA Plan Sponsor for Patient 15, and therefore was responsible for paying the healthcare claims of Patient 15.

49.     Plaintiff is informed and believes and thereupon alleges that Defendant BRIDGEPORT was the employer for Patient 18, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that BRIDGEPORT was the ERISA Plan Sponsor for Patient 18, and therefore was responsible for paying the healthcare claims of Patient 18.

50.     Plaintiff is informed and believes and thereupon alleges that Defendant RANDSTAD was the employer for Patient 19, in paragraph 82 (Bills for which Defendants have not made any payment). Plaintiff is further informed and believes and herein alleges that RANDSTAD was the ERISA Plan Sponsor for Patient 19, and

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

therefore was responsible for paying the healthcare claims of Patient 19.

51.     Plaintiff is informed and believes and thereupon alleges that Defendant SAFEWAY was the employer for Patient 20, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that SAFEWAY was the ERISA Plan Sponsor for Patient 20, and therefore was responsible for paying the healthcare claims of Patient 20.

52.     Plaintiff is informed and believes and thereupon alleges that Defendant OILWELL was the employer for Patient 22, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that OILWELL was the ERISA Plan Sponsor for Patient 22, and therefore was responsible for paying the healthcare claims of Patient 22.

53.     Plaintiff is informed and believes and thereupon alleges that Defendant HYUNDAI was the employer for Patient 25, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that HYUNDAI was the ERISA Plan Sponsor for Patient 25, and therefore was responsible for paying the healthcare claims of Patient 25.

54.     Plaintiff is informed and believes and thereupon alleges that Defendant PURDUE was the employer for Patient 26, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that PURDUE was the ERISA Plan Sponsor for Patient 26, and therefore was responsible for paying the healthcare claims of Patient 26.

55.     Plaintiff is informed and believes and thereupon alleges that Defendant R & R PARTNERS was the employer for Patient 27, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that R & R PARTNERS was the ERISA Plan Sponsor for Patient 27, and therefore was responsible for paying the healthcare claims of Patient 27.

56.     Plaintiff is informed and believes and thereupon alleges that Defendant SODEXO was the employer for Patient 28, in paragraph 82 (Bills for which

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that SODEXO was the ERISA Plan Sponsor for Patient 28, and therefore was responsible for paying the healthcare claims of Patient 28.

57.     Plaintiff is informed and believes and thereupon alleges that Defendant ST. JOSEPH was the employer for Patient 29, in paragraph 82 (Bills for which Defendants have not made any payment).  Plaintiff is further informed and believes and herein alleges that ST. JOSEPH was the ERISA Plan Sponsor for Patient 29, and therefore was responsible for paying the healthcare claims of Patient 29.

58.     Plaintiff is informed and believes and thereupon alleges that Defendant SAFEWAY was the employer for Patient 1, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that SAFEWAY was the ERISA Plan Sponsor for Patient 1, and therefore was responsible for paying the healthcare claims of Patient 1.

59.     Plaintiff is informed and believes and thereupon alleges that Defendant MORGAN STANLEY was the employer for Patient 2, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that MORGAN STANLEY was the ERISA Plan Sponsor for Patient 2, and therefore was responsible for paying the healthcare claims of Patient 2.

60.     Plaintiff is informed and believes and thereupon alleges that Defendant PURDUE was the employer for Patient 3, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that PURDUE was the ERISA Plan Sponsor for Patient 3, and therefore was responsible for paying the healthcare claims of Patient 3.

61.     Plaintiff is informed and believes and thereupon alleges that Defendant HENSEL PHELPS was the employer for Patient 4, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that HENSEL PHELPS was the ERISA Plan Sponsor for

Patient 4, and therefore was responsible for paying the healthcare claims of Patient 4.

62.     Plaintiff is informed and believes and thereupon alleges that one of the Defendants was the employer for Patient 5, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that one of the Defendants was the ERISA Plan Sponsor for Patient 5, and therefore was responsible for paying the healthcare claims of Patient 5.

63.     Plaintiff is informed and believes and thereupon alleges that Defendant DANAHER was the employer for Patient 6, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that DANAHER was the ERISA Plan Sponsor for Patient 6, and therefore was responsible for paying the healthcare claims of Patient 6.

64.     Plaintiff is informed and believes and thereupon alleges that Defendant NEWPORT GROUP was the employer for Patient 7, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that NEWPORT GROUP was the ERISA Plan Sponsor for Patient 7, and therefore was responsible for paying the healthcare claims of Patient 7.

65.     Plaintiff is informed and believes and thereupon alleges that one of the Defendants was the employer for Patient 8, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that one of the Defendants was the ERISA Plan Sponsor for Patient 8, and therefore was responsible for paying the healthcare claims of Patient 8.

66.     Plaintiff is informed and believes and thereupon alleges that Defendant COMPUTER ASSOCIATES was the employer for Patient 9, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that COMPUTER ASSOCIATES was the

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

ERISA Plan Sponsor for Patient 9, and therefore was responsible for paying the healthcare claims of Patient 9.

67.     Plaintiff is informed and believes and thereupon alleges that Defendant WHELEN was the employer for Patient 10, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that WHELEN was the ERISA Plan Sponsor for Patient 10, and therefore was responsible for paying the healthcare claims of Patient 10.

68.     Plaintiff is informed and believes and thereupon alleges that Defendant INTERNATIONAL PAPER was the employer for Patient 11, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that INTERNATIONAL PAPER was the ERISA Plan Sponsor for Patient 11, and therefore was responsible for paying the healthcare claims of Patient 11.

69.     Plaintiff is informed and believes and thereupon alleges that Defendant FIRST SOURCE was the employer for Patient 12, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that FIRST SOURCE was the ERISA Plan Sponsor for Patient 12, and therefore was responsible for paying the healthcare claims of Patient 12.

70.     Plaintiff is informed and believes and thereupon alleges that Defendant BT AMERICAS was the employer for Patient 13, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that BT AMERICAS was the ERISA Plan Sponsor for Patient 13, and therefore was responsible for paying the healthcare claims of Patient 13.

71.     Plaintiff is informed and believes and thereupon alleges that Defendant RR DONNELLEY was the employer for Patient 14, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

believes and herein alleges that RR DONNELLEY was the ERISA Plan Sponsor for Patient 14, and therefore was responsible for paying the healthcare claims of Patient 14.

72.   Plaintiff is informed and believes and thereupon alleges that one of the Defendants was the employer for Patient 23, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that one of the Defendants was the ERISA Plan Sponsor for Patient 23, and therefore was responsible for paying the healthcare claims of Patient 23.

73.   Plaintiff is informed and believes and thereupon alleges that Defendant JOS was the employer for Patient 24, in paragraph 83 (Bills for which Defendants failed to pay the proper amount due).  Plaintiff is further informed and believes and herein alleges that JOS was the ERISA Plan Sponsor for Patient 24, and therefore was responsible for paying the healthcare claims of Patient 24.

74.   Plaintiff is informed and believes and thereupon alleges that Defendants OMNICON, DANAHER, BRIDEPORT, SODEXO, OILWELL,  HENSEL PHELPS, WHELEN, FIRSTSOURCE, NEWPORT, PURDUE, BRIDGESTONE, SAFEWAY, JOS, RANDSTAD, COMPUTER ASSOCIATES, R.R. DONNELLEY, ST. JOSEPH, INTERNATIONAL PAPER, MORGAN STANLEY, BT AMERICAS, WWL, R & R PARTNERS, HYUNDAI,  SCHEIN were employers of the Patients referenced herein. Plaintiff is further informed and believes and herein alleges that these employers sponsored the health plans which covered such Patients.

75.   SPENCER RECOVERY is informed and believes and based thereon alleges that the individuals who sought treatment at various SPENCER RECOVERY facilities had self-funded ERISA plans with various of the above-reference employers for payment of health and medical expenses ("ERISA PLANS"). Pursuant to the terms of the ERISA PLANS the insured employee paid premiums and in return the

employers paid healthcare costs incurred by the insured employee covered under the terms of the ERISA PLANS.

76.   SPENCER RECOVERY is informed and believes and based thereon alleges   that the services provided by SPENCER RECOVERY to the employees/patients covered by such ERISA PLANS fell within the coverage provided by the ERISA PLANS and therefore such employees/patients were entitled to have the responsible employer pay the costs of these services provided by SPENCER RECOVERY.

77.   SPENCER RECOVERY is informed and believes and based thereon alleges that the individuals who sought treatment at various SPENCER RECOVERY facilities had self-funded ERISA plans with their respective employers  for payment of health and medical expenses ("ERISA PLANS"). Pursuant to the terms of the ERISA PLANS, the employer is responsible for paying the healthcare claims of its employees.

78.   SPENCER RECOVERY is informed and believes and based thereon alleges  that the services provided to all of the Patients set forth herein by SPENCER RECOVERY fell within the coverage provided by the ERISA PLANS and such Patients were therefore entitled to have Defendants pay the costs of these services provided by SPENCER RECOVERY.

79.   From approximately January 2012 through the present, Defendants' insured employees received treatment from SPENCER RECOVERY with the expectation that Defendants would pay for these services.

80.   Pursuant to the terms of the ERISA PLANS, summarized in a Summary Plan Description ("SPD") for each ERISA plan, SPENCER RECOVERY submitted bills for services provided to each patient/employee who received treatment.

81.   Defendants, however, failed to completely pay for treatment provided to some insured, while paying the improper amounts for services provided to others.

82.   The bills for which Defendants have not made any payment include:

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

a.  Patient 2[1]: Approximately $42,000.00 owed for services provided;

b.  Patient 3: Approximately $49,000.00 owed for services provided;

c.  Patient 4: Approximately $7,200.00 owed for services provided;

d.  Patient 5: Approximately $6,000.00 owed for services provided;

e.  Patient 6: Approximately $4,200.00 owed for services provided;

f.  Patient 7: Approximately $8,750.00 owed for services provided;

g.  Patient 9: Approximately $36,960.00 owed for services provided;

h.  Patient 10: Approximately $28,000.00 owed for services provided;

i.  Patient 11: Approximately $9,800.00 owed for services provided;

j.  Patient 12: Approximately $35,000.00 owed for services provided;

k.  Patient 15: Approximately $18,900.00 owed for services provided;

l.  Patient 18: Approximately $20,160.00 owed for services provided;

m.  Patient 19: Approximately $11,250.00 owed for services provided;

n.  Patient 20: Approximately $24,420.00 owed for services provided;

o.  Patient 22: Approximately $6,750.00 owed for services provided;

p.  Patient 25: Approximately $17,640.00 owed for services provided;

q.  Patient 26: Approximately $14,000.00 owed for services provided;

r.  Patient 27: Approximately $8,750.00 owed for services provided;

s.  Patient 28: Approximately $6,250.00 owed for services provided;

t.  Patient 29: Approximately $21,630.00 owed for services provided;

83.  The bills for which Defendants failed to pay the proper amount due include:

a.  Patient 1: Approximately $24,000.00 owed for services provided;

b.  Patient 2: Approximately $38,825.00 owed for services provided;

c.  Patient 3: Approximately $3,850.00 owed for services provided;

d.  Patient 4: Approximately $22,942.12 owed for services provided;

---

[1] All patient references are made generically to protect the patient's privacy rights under the California Constitution and HIPAA. The identification of each of the patients, as well as other identifying information has been provided to Defendant under separate cover.

**16**

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

e.  Patient 5: Approximately $40,845.00 owed for services provided;

f.  Patient 6: Approximately $350.00 owed for services provided;

g.  Patient 7:  Approximately $510.00 owed for services provided;

h.  Patient 8: Approximately $1,955.00 owed for services provided;

i.  Patient 9: Approximately $10,000 owed for services provided;

j.  Patient 10: Approximately $1,435.00 owed for services provided;

k.  Patient 11: Approximately $15,000.00 owed for services provided;

l.  Patient 12: Approximately $6,242.38 owed for services provided;

m. Patient  13: Approximately $20,907.20owed for services provided;

n.  Patient 14: Approximately $8,260.00 owed for services provided;

o.  Patient 23: Approximately $1,550.00 owed for services provided;

p.  Patient 24: Approximately $3,500.00 owed for services provided;

84.    Pursuant to an agreement signed by each patient upon entering the facility operated by SPENCER RECOVERY, each of these insured has assigned their rights and claims under the ERISA PLANS to SPENCER RECOVERY to bill Defendant directly and pursue payment of these sums from Defendants. A true and correct copy of the two types of assignments utilized is attached hereto as **Exhibit "A".**

85.    Plaintiff is informed and believes and herein alleges that the Patients, as referenced above, were entitled to have Defendants pay the costs of the services provided by SPENCER RECOVERY under employer sponsored benefit plans (ERISA PLANS).   Plaintiff is informed and believes and herein alleges that medical treatment provided by SPENCER RECOVERY fell within the coverage provided by the ERISA PLANS and Defendants' employees/patients, as referenced, above, were therefore entitled to have Defendants pay the costs of these services provided by SPENCER RECOVERY.

//

//

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

# FIRST CAUSE OF ACTION

## FOR RECOVERY OF PLAN BENEFITS PURSUANT TO 29 U.S.C. §§1132(a)(1)(B)

### [AGAINST ALL DEFENDANTS AND DOES 1-100]

86.     Plaintiff incorporates those allegations set forth in Paragraphs 1 through 85, as though set forth in full in this cause of action.

87.     Under the terms of the plans, Defendants agreed to provide their insured with medical expense benefits. Defendants failed to provide such benefits or inadequately provided benefits.

88.     Denial of these benefits to their insured constitutes a breach of the plans between Defendants and their insured. Plaintiff seeks reimbursement and compensation for any and all benefits to which the insured were entitled and should have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be set forth at the time of trial.

89.     Defendants have arbitrarily and capriciously breached the obligations set forth in the plans. Defendants have arbitrarily and capriciously breached their obligations under the ERISA Plans to provide benefits to their insured even though the insured's benefits are covered under the terms of the Plans.

90.     As a direct and proximate result of the aforementioned conduct of Defendants in failing to provide coverage and pay benefits to its insured, the insured have been damaged in an amount equal to the amount of benefits to which they would have been entitled under the terms of the plans.

91.     As a direct and proximate result of the aforesaid conduct of Defendants in failing to provide coverage and benefits for the insured's health and medical expenses, SPENCER RECOVERY has suffered, and will continue to suffer in the future, damages, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

92.     Plaintiff is entitled to prejudgment interest at the appropriate rate.

**SECOND CAUSE OF ACTION**

**FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO**

**29 U.S.C. §1132(g)(1)**

**[AGAINST ALL DEFENDANTS AND DOES 1-100]**

93.     Plaintiff incorporates those allegations set forth in Paragraphs 1 through 92, as though set forth in full in this cause of action.

94.     29 U.S.C. §1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs of action to either party in an ERISA action.

95.     As a result of the actions and failings of Defendants, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorneys' fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. Plaintiff therefore requests an award of reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration regarding the Defendants' noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

2. For benefits payable under the plans to reimburse SPENCER RECOVERY for payments that the above insured had been entitled to receive and have assigned to SPENCER RECOVERY;

3. For an award of prejudgment interest;

4. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. section 1132(g)(1);

5. For costs incurred;

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

6.  For an injunction to issue against Defendants as prayed above; and

7.  For such other and further relief as the Court deems appropriate.

DATED: November 18, 2014                    **BOHM WILDISH, LLP**


By:  ___*/s/ Joanne P. Freeman*_____
                              James G. Bohm
                              Joanne P. Freeman
                              Attorneys for Plaintiff SPENCER
                              RECOVERY CENTER, INC., a
                              corporation

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff SPENCER RECOVERY CENTER, INC. hereby demands a trial by jury.

DATED: November 18, 2014                    **BOHM WILDISH, LLP**


By: _____*/s/ Joanne P. Freeman*_____
James G. Bohm
Joanne P. Freeman
Attorneys for Plaintiff SPENCER
RECOVERY CENTER, INC., a
corporation

EXHIBIT "A"



**Spencer Recovery Centers, Inc.**

## SPENCER RECOVERY CENTERS

### ASSIGNMENT OF BENEFITS

In connection with services rendered to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ , client:

1. I hereby assign all medical and/or surgical benefits to include major medical benefits, to which I am entitled, including government sponsored programs, private insurance and other health plans to Spencer Recovery Centers, assignee.

2. The assignment will remain in effect until revoked by me in writing.

3. I understand that I am financially responsible for all charges whether or not they may be reimbursable by any insurance I may have.

4. A copy of this assignment is valid as the original.

5. I, the client, have signed a "Consent for Release of Confidential Information" authorizing the above assignee to release all information reasonably necessary to secure the payment of accrued benefits.

6. I understand the provider and/or I may appeal any determination of non-coverage by following the grievance and appeals procedures described in my Benefit Agreement or Evidence of Coverage.

### NOTICE REQUIRED TO ACCOMPANY THIS DISCLOSURE

This information has been disclosed to you from records protected by federal confidentiality rules (42 CFR Part 2). The federal rules prohibit you form making any further disclosure without the specific written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.



_____          _____
Client Signature                              Date



**Spencer Recovery Centers, Inc.**
1316 South Coast Highway
Laguna Beach, CA 92651-3118

Forms

This document is effective from : ▓▓▓▓▓   to ▓▓▓▓▓

## SPENCER RECOVERY CENTER
## ASSIGNMENT OF BENEFITS

Insurance Company: ▓▓▓▓▓▓▓▓▓▓▓▓           Policy number: ▓▓▓▓▓▓▓

I confirm that: *(please check which applies)*
*This is my primary policy and I do not have another insurance policy*

If you have other insurance policies, please provide Company Name(s) and Policy
Number(s):
    N/A

In connection with services rendered to Marissa Giannerini, client:

1. I hereby assign all medical and/or surgical benefits to include major medical benefits to
   which I am entitled, including government sponsored programs, private insurance and
   other health plans to Spencer Recovery Centers, assignee.
2. The assignment will remain in effect until revoked by me in writing.
3. I understand that I am financially responsible for all charges whether or not they may be
   reimbursable by any insurance I may have.
4. A copy of this assignment is valid as the original.
5. I, the client, have signed a "Consent for Release of Confidential Information" authorizing
   the above assignee to release all information reasonably necessary to secure the payment of
   accrued benefits.
6. I understand the provider and/or I may appeal any determination of non-
   coverage by following the grievance and appeals procedures described in my
   Benefit Agreement or Evidence of Coverage.

### NOTICE REQUIRED TO ACCOMPANY THIS DISCLOSURE

This information has been disclosed to you from records protected by federal
confidentiality rules (42 CFR Part 2). The federal rules prohibit you form making any
further disclosure without the specific written consent of the person to whom it pertains or
as otherwise permitted by 42 CFR Part 2. A general authorization for the release of medical
or other information is NOT sufficient for this purpose. The federal rules restrict any use of
the information to criminally investigate or prosecute any alcohol or drug abuse patient.



**Spencer Recovery Centers, Inc.**
1316 South Coast Highway
Laguna Beach, CA  92651-3118

Forms

Type :  Client          Method : Signature
Date :

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On November 19, 2014, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **PLAINTIFF'S THIRD AMENDED COMPLAINT**

SERVED UPON:             **SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm Wildish, LLP, for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered to the addresses listed on the attached Service List by close of business on____ _____.

☐ BY OVERNIGHT MAIL) I am readily familiar with the practice of the Law Offices of Bohm Wildish, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by overnight mail service for overnight delivery.

☒ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) By submitting said documents for Electronic Case Filing on said date pursuant to Local Rule at Bohm Wildish, LLP.

☐ BY E-MAIL/ELECTRONIC TRANSMISSION) On _____ at Costa Mesa, California, I served the above referenced document by electronic mail to the e-mail address of the Addressee(s) pursuant to Rule 2.260 of the California Rules of Court. The transmission was complete and without error and I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on November 19, 2014 at Costa Mesa, California.

_____
Lindsay M. Rivara

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Service List</u>
***<u>Spencer Recovery v. Cigna Healthcare of California</u>***
***<u>USDC, Central District, Santa Ana Division</u>***
***<u>Case No. 8:13-CV-01602-CJC (RNB)</u>***

Kennaday, Leavitt & Daponde, PC
Curtis S. Leavitt
Troy Szabo
Megan Beaver
500 Capitol Mall, Suite 2260
Sacramento, CA 95814
(916) 431-7755 – tel
(916) 431-7756 - fax

*Attorney for Defendant Cigna Healthcare of California*

PROOF OF SERVICE